UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER C., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:20-cv-00118-NT |
| | ) |
| ANDREW M. SAUL, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|     Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the December 2, 2019, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 14-8).[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of irritable bowel syndrome, obstructive sleep apnea, and idiopathic hypersomnia. (R. 59.) The ALJ further found that despite his impairments, Plaintiff has the residual functional capacity (RFC) to perform medium work except that he can frequently climb, kneel, crouch, and crawl; he must avoid concentrated exposure to hazards; he must work in proximity (two to three minute walk) to a bathroom; and he is limited to performing simple, routine tasks. (R. 63.)

Based on the RFC finding, Plaintiff's work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including representative occupations of hand packager, laundry laborer, and store laborer. (R. 72.) The ALJ determined, therefore, that Plaintiff was not disabled from February 17, 2017, through the date of the ALJ's decision. (R. 73.)

**STANDARD OF REVIEW**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings

of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that (1) the ALJ erroneously evaluated the medical opinion evidence in assessing Plaintiff's RFC and (2) the ALJ's determination that Plaintiff could perform jobs that exist in significant numbers in the national economy is not supported by substantial evidence.

### A.  Evaluation of Medical Opinion Evidence

Plaintiff evidently argues that the ALJ erred when he relied on the state agency reviewing physicians and psychologists. The ALJ found persuasive the opinions of David Houston, Ph.D. and Leigh Haskell, Ph.D. that Plaintiff does not suffer from a severe mental impairment. (R. 70.) While Plaintiff appears to question the ALJ's reliance on their opinions, Plaintiff does not cite any specific errors in their analyses and conclusions. In contrast, the ALJ notes in some detail the record evidence that supports the doctors' conclusions. (R. 70.) The evidence upon which the ALJ relied supports his findings regarding Plaintiff's mental health. To the extent, therefore, Plaintiff challenges the ALJ's findings regarding Plaintiff's mental health impairment, Plaintiff's argument fails.

Plaintiff also contends that the ALJ improperly discounted the opinions of his treating and examining health care providers and erroneously relied upon the state agency reviewing physicians (Donald Trumbull, M.D., and James Hall, M.D.). Plaintiff argues the ALJ did not give proper weight to Michael O'Brien, M.D.'s opinion that Plaintiff would

3

need to lie down or rest during the workday due to "sleep/fatigue," would have to be "off task" for more than 25% each day, and would be absent from work more than four days each month. (Exhibit 9F.)

The ALJ concluded that Dr. O'Brien's opinions were "not consistent with the evidence as a whole which shows that [Plaintiff's] sleep apnea has been fairly well controlled on CPAP and that he gets seven hours of sleep a night (citing various exhibits); the reports that Dicyclomide was helping his hypersomnia (citing various exhibits); and [Plaintiff's] activities of daily living (citing various exhibits)." (R. 69.) The ALJ's conclusion is supported by substantial evidence on the record. For instance, Plaintiff reported wearing the CPAP "for 6-7 hours, which overall works well" (R. 1864), in July 2017, he reported sleeping from 10:30/11:00 p.m. to 5:35 a.m. (R. 1465), and he has reported the ability to engage in many activities in daily life, which activities require concentration and physical mobility. (Exhs. 4E, 6E, 7E, 10E, 15E, 3F, 4F, 7F.) The same reasoning and evidence support the ALJ's conclusion that the opinions of Lewis Golden, M.D., are unpersuasive. (R. 70.)

The ALJ also supportably relied on the opinions of the state agency reviewing experts. Plaintiff's apparent contention that the opinions of Drs. Trumbull and Hall are unreliable because the ALJ found Plaintiff's sleep apnea to be a severe impairment while they did not is unpersuasive. The mere fact that the ALJ's finding is more favorable to a plaintiff than the expert opinions upon which the ALJ otherwise relies does not require remand. In addition, the ALJ reasonably and supportably cited the record medical evidence that is consistent with the agency expert opinions. (R. 71.)

## B. Jobs in the Economy (Step 5)

At Step 5, the ALJ, relying on the testimony of a vocational expert, concluded that given Plaintiff's RFC, Plaintiff could perform the occupations of hand packager (30,000 positions), laundry laborer (10,000 positions), and store laborer (18,000 positions). (R. 72.) The Dictionary of Occupational Titles (DOT) defines the hand packager and store laborer jobs a reasoning level two jobs. Plaintiff contends that the requirement of the RFC that Plaintiff is limited to simple, routine tasks rules out DOT reasoning level two jobs, leaving only laundry laborer, a job he says is not abundant in the national economy.

Plaintiff's argument is based on testimony his counsel elicited from the vocational expert that a restriction to simple routine tasks (part of the ALJ's RFC finding) is inconsistent with an ability to carry out detailed instructions. (R. 295.) The DOT states that general educational development (GED) reasoning level two jobs involve "detailed but uninvolved" instructions. The alleged conflict between the testimony and the DOT relates to how the DOT's "detailed but uninvolved" characterization of the type of instructions that can exist with reasoning level two jobs corresponds with certain Social Security Administration terminology for categories of unskilled work (here work involving "simple routine"). In this District, the issue was evidently generated initially by arguments made and discussed in *Pepin v. Astrue*, No. 2:09-cv-464-GZS, 2010 WL 3361841 (D. Me. Aug. 24, 2010) (rec. dec., *aff'd* Sept. 16, 2010), and has been discussed, most recently, in *Michael H. v. SSA Comm'r*, No. 2:17-cv-447-JAW, 2018 WL 4179317 (D. Me. Aug. 31, 2018), rec. dec., *aff'd* (Feb. 15, 2019), and *Sue M. v. Berryhill*, No. 1:17-cv-303-NT, 2018 WL 3698906 (D. Me. Aug. 3, 2018), rec. dec., *aff'd* 2018 WL 4016431 (Aug. 3, 2018). *See*

*also* Def.'s Opposition at 13 (identifying additional district decisions).

Plaintiff's contention that the ALJ could not rely on the vocational expert's testimony due to a conflict between the testimony and the DOT is unpersuasive. In his questioning, Plaintiff did not reference the "but uninvolved" component of the DOT definition and asked only about "detailed instructions." A conflict is not generated where Plaintiff's question does not include the complete DOT definition. Rather, the vocational expert's answer to the question is only marginally relevant given that the question included an incomplete definition.

As the ALJ noted, the three occupations have a DOT specific vocational preparation (SVP) level of two, which means the jobs are unskilled. *See* SSR 00-4p, 2000 WL 1898704, at *3 ("unskilled work corresponds to an SVP at 1-2"). "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time … we consider jobs unskilled if the primary duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed." 20 C.F.R. § 404.1568(a). Given the RFC finding, the vocational expert testimony, and the SVP level, the ALJ supportably found that work exists in the national economy.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of February, 2021.